T. CHAMBERS REID and Others, Plaintiffs, *v.* LUCKENBACH S. S.
Co., INC., Defendant.

Supreme Court, New York County, July 7, 1928.

*Wm. Cornell Fleming*, for the plaintiffs.

*Kirlin, Woolsey, Campbell, Hickox & Keating* [*L. De Grove Potter* of counsel], for the defendant.

COTILLO, J. In this action, in which the facts are all stipulated, plaintiff, a shipper, asks for damages from the defendant, an ocean carrier, for breach of contract of carriage, in failing to deliver to its destination merchandise intrusted to it of the value of $1,589. Defendant admits the receipt of the merchandise and its loss or disappearance, for which it is unable to account, but sets up two defenses: *First,* that the shipment contained silk, and, the carrier not having been notified of its contents and value, it is relieved of liability; *second,* it pleads a limitation of liability in the sum of $500 under the bill of lading, because no higher valuation was declared and extra freight paid on such valuation as per tariff.

As to the first-mentioned defense, the shipper discharged his duty by specifying the shipment as dry goods; the case containing

miscellaneous textiles, including silks. In any event, section 4281 of the Revised Statutes of the United States (46 U. S. C. A. § 181), which the shipper is said not to have complied with, applies to the liability of masters and owners " as carriers," not as bailees. (*Wheeler* v. *Oceanic Steam Nav. Co.*, 125 N. Y. 155; *Kuhnhold* v. *Compagnie Générale Transatlantique*, [D. C.] 251 Fed. 387.) As bailee it devolved upon the defendant to furnish some explanation of the disappearance of the goods, and it failed to furnish any. A *prima facie* case of negligence was, therefore, established by the shipper.

I am also inclined to the view that the $500 limitation of liability applies only to the limitation upon the strict common-law liability of the carrier *as carrier*, but not to its liability as bailee. However, there are other circumstances in the case which make the clause inapplicable here. The carrier obtained marine insurance on the shipment at the shipper's request, after calling the latter's attention to the importance of such insurance, and the full value of the shipment was there declared. Of course, the shipper could not collect on the insurance because of inability to prove the loss under the conditions of the marine policy. The shipper's definite attention could, therefore, have been called by the carrier to the necessity of paying a higher freight rate upon the declared value. This was not done, nor was any clear choice of rates offered, or tariff filed, indicating such opportunity for choice.

Plaintiff is entitled to judgment in the sum of $1,589, less $8.77, the difference between the freight paid and *ad valorem* freight rate on valued shipments. Enter judgment accordingly, with costs.